**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 12-5073 |
| v. | (D.C. No. 4:11-CR-00035-GKF-1) |
| JUAN CARLOS CHAIDEZ, | (N.D. Okla.) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **MATHESON,  EBEL,** and **O'BRIEN**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Juan Chaidez seeks

resentencing, arguing that the district court mistakenly believed that it had to impose a

four-year term of supervised release, when in fact the court instead had discretion to

impose a shorter supervised release term.  Because Chaidez did not raise this error to the

district court, on appeal he must establish plain error warranting relief.  He failed to make

---

[*] After examining the parties' briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

that showing because he cannot establish that the district court, on resentencing, is likely to impose a significantly shorter supervised release term. Therefore, having jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we AFFIRM his four-year term of supervised release.

## I. BACKGROUND

Chaidez pled guilty to one count of possessing at least fifty grams of a mixture or substance containing methamphetamine. As a result, by statute, he faced a mandatory minimum prison sentence of five years and a mandatory minimum four-year term of supervised release. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Because Chaidez qualified for 18 U.S.C. § 3553(f)'s "safety valve," however, the district court could impose a guideline sentence below the statutory mandatory minimums. See also U.S.S.G. § 5C1.2(a).

The presentence report ("PSR") specifically informed the district court that it was not bound by the mandatory minimum five-year prison term, and the court imposed a prison sentence below that threshold (fifty-seven months). The PSR, however, incorrectly stated that the district court was required to impose a term of at least four years' supervised release. No one brought this error to the district court's attention, and the district court imposed the four-year term of supervised release. In doing so, the court noted that four years of supervised release was "appropriate based on this offense and will allow the defendant time to adequately re-adjust to the community upon his release

2

from imprisonment."[1] (R. v. 3 at 14.) On appeal, Chaidez argues that he is entitled to be resentenced because the district court did not realize it could have imposed a shorter supervised release term.

## II. DISCUSSION

**A. Standard of review**

Before the district court, Chaidez did not request a term of supervised release of less than four years. Nor did he object either to the PSR's inaccurate statement that the district court had to impose at least a four-year term of supervised release or to the district court's imposition of a four-year term of supervised release. Therefore, the parties agree that, on appeal, this court's review is for plain error. See Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); see also United States v. Ivy, 83 F.3d 1266, 1297 (10th Cir. 1996) ("[I]f a defendant fails to object to his presentence report, he waives his right to challenge the district court's reliance on it, unless the district court's decision to do so amounts to plain error."). Thus, to obtain resentencing, Chaidez has the burden of establishing "(1) error; (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Harris, 695 F.3d 1125, 1130 (10th Cir. 2012) (internal quotation marks omitted). The

---

[1] The district court preceded this statement by noting that "[a] term of supervised release is statutorily required." (R. v.3 at 14.) By that statement, the district court appears to have been stating only that it had to impose some term of supervised release and not that a specific four-year term of supervised release was required.

3

Government concedes that Chaidez has established plain error. We therefore focus here only on the third and fourth inquiries of plain-error review.

**B.  Whether the error affected Chaidez's substantial rights**

To meet the third prong of the plain-error analysis, Chaidez must show that that error affected his substantial rights, see id.; that is, he must show "that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different," United States v. Mendoza, 698 F.3d 1303, 1310 (10th Cir. 2012) (internal quotation marks omitted). The parties agree that, in this case, that means that Chaidez must show that there is a reasonable probability that, on remand, the district court would impose a term of supervised release of less than four years. See also id. Chaidez failed to make this showing.

Chaidez points to the fact that the district court granted him a downward variance and imposed a prison sentence at the bottom of the relevant guideline range. According to Chaidez, this indicates that the district court intended to treat him leniently and would, therefore, have imposed a shorter term of supervised release if the court realized it could have done so. But the district court did not indicate in any way that it would have liked to impose a shorter supervised release term, but felt constrained by the statutory mandatory minimum four-year term of supervised release. See United States v. Bowen, 437 F.3d 1009, 1021 (10th Cir. 2006) (noting that, one way a defendant can establish that a sentencing court's error in treating the sentencing guidelines as mandatory, rather than advisory, affected the defendant's substantial rights is to show that "the district court[]

4

expressed dissatisfaction with the mandatory Guidelines sentence") (internal quotation marks omitted).  Instead, the district court stated that a four-year term was "appropriate" and would "allow the defendant time to adequately re-adjust to the community upon his release from imprisonment."  (R. v. 3 at 14.)

There is, then, no direct indication that the district court wanted to impose a shorter term of supervised release, but felt constrained by the PSR's erroneous assertion that the court had to impose at least a four-year term of supervised release.  On appeal, Chaidez admits that "the error itself precludes direct insight into what [his] supervised release term would have been if error had not occurred."  (Aplt. Br. at 10.)  In light of that concession, and because it is Chaidez's burden to show that there is a reasonable probability that the district court, if it had realized its discretion to do so, would have imposed a shorter term of supervised release, he has failed to establish that the error affected his substantial rights.

## C.  Whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings

Even if Chaidez met his burden, at the third step of the plain-error analysis, to show that there is a reasonable probability that the district court, on remand, would impose a shorter term of supervised release, Chaidez failed to show, at the fourth plain-error inquiry, that the district court's error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  See Harris, 695 F.3d at 1130.

> The fourth prong of the plain error test is discretionary.  If the defendant can show an error is plain and affects substantial rights, a court

5

must exercise considered judgment in deciding whether the error must be corrected. A court should do so where it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Although a showing (or presumption) of prejudice is necessary to meet this prong, it is not sufficient because not every prejudicial error threatens the fairness and integrity of the proceedings. Rather, the fourth prong is an independent inquiry, more appropriately compared with a miscarriage of justice standard under which a claimed error should not be corrected, unless allowing it to stand would be particularly egregious.

United States v. Turrietta, 696 F.3d 972, 984 (10th Cir. 2012) (emphasis added) (internal quotation marks, citations omitted). "This standard is formidable." United States v. Cordery, 656 F.3d 1103, 1108 (10th Cir. 2011) (internal quotation marks, alteration omitted). In this case, for Chaidez to succeed at this step in the analysis, he "must demonstrate a strong possibility of receiving a significantly lower sentence" on resentencing. United States v. Mullins, 613 F.3d 1273, 1294 (10th Cir. 2010), limited on other grounds by United States v. Crowe, 735 F.3d 1229, 1240 (10th Cir. 2013).

For the same reasons stated above, Chaidez has not made such a showing. See United States v. Franklin-El, 554 F.3d 903, 911-13 (10th Cir. 2009) (holding defendant failed to establish plain error warranting relief, even though the defendant established that the sentencing court incorrectly perceived it lacked discretion to impose a shorter prison sentence, because the defendant could not show that the sentencing court "would impose a significantly lighter sentence on remand"); see also United States v. Portillo-Vega, 478 F.3d 1194, 1202-03 (10th Cir. 2007).

Moreover, the fact that Chaidez will have to serve a four-year term of supervised release does not, under the circumstances presented here, create a miscarriage of justice

6

that calls into doubt the fairness, integrity, or public reputation of these judicial proceedings. Chaidez's sentence falls within the advisory guideline range of two to five years supervised release that applies here. Cf. United States v. Mendiola, 696 F.3d 1033, 1035, 1042 (10th Cir. 2012) (holding that sentencing court's plain error, in improperly considering a defendant's need for prison-based drug rehabilitation, affected the defendant's substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings because the court relied upon that improper factor to impose a sentence of imprisonment that doubled the high end of the advisory guideline range). Significantly, in considering the heavy "miscarriage of justice" prong, we are not dealing here with a challenge to actual incarceration time but rather only with the duration of supervised release, which imposes considerably less onerous burdens on a defendant. Also, the supervised release term here was within the range allowed for by the guidelines, and that is presumptively valid. Further, the district court expressed no misgivings or doubts about the length of the four-year supervised release term but rather noted the benefits for Chaidez from this supervised release. In addition, the Government would incur considerable expense to transport Chaidez back to the sentencing court from his out-of-state incarceration if we required resentencing. All of this could have been avoided if Chaidez had simply interposed a timely objection to the PSR. Instead, he accepted it. Finally, the court retains the authority to terminate Chaidez's supervised release after one year. See 18 U.S.C. § 3583(e)(1). And, even without modifying the term of the supervised release, there is opportunity for the district court to modify the

7

terms of release based on Chaidez's performance during supervised release. See id. § 3583(e)(2)

In light of the heavy burden on Chaidez to establish plain error's fourth "miscarriage of justice" prong and his acknowledgment that he can offer no basis in the record to believe that he would get a lighter sentence of supervised release on resentencing, we conclude Chaidez has failed to meet his burden in this regard.

We, therefore, decline to exercise our discretion to grant relief at the fourth step in the plain-error analysis.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Chaidez's four-year term of supervised release.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

8